# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ADRIAN E. BLAIR,
               Appellant,

v.

DEPARTMENT OF VETERANS
   AFFAIRS,
               Agency.

DOCKET NUMBER
DA-1221-14-0654-W-1

DATE: May 11, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Adrian E. Blair</u>, Grand Prairie, Texas, pro se.

<u>Jenny Mai</u>, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant is employed by the agency as a sign painter. Initial Appeal File (IAF), Tab 6 at 12. In January 2014, the agency suspended the appellant for 14 days. *Id*. at 14-16. In May 2014, the appellant filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC) regarding the suspension[2]; he indicated in his OSC complaint that he had filed two equal employment opportunity (EEO) complaints. IAF, Tab 4, Subtab 7 at 5-7. OSC informed the appellant that it had made a preliminary determination to close its inquiry because his allegations were more appropriately addressed through the EEO process. *Id*.

---

[2] The appellant previously filed a stay request and an appeal regarding the 14-day suspension. The stay request was dismissed on the basis that the appellant had not alleged retaliation for whistleblowing and had not exhausted his OSC remedy. *Blair v. Department of Veterans Affairs*, MSPB Docket No. DA-3443-14-0213-S-1, Stay Decision (Feb. 3, 2014). The appeal was dismissed in an initial decision because a 14-day suspension is not directly appealable to the Board and the appellant had not exhausted his remedies with OSC before filing the appeal. *Blair v. Department of Veterans Affairs*, MSPB Docket No. DA-3443-14-0213-I-1, Initial Decision (Apr. 1, 2014). The appellant did not petition for review in that case, and therefore the initial decision became final.

at 14-15. In response, the appellant requested that OSC remove the "EEO portion" of his complaint and amend his complaint to include only the "suspension procedure." *Id*. at 16.

¶3 After being advised of his right to file an individual right of action (IRA) appeal with the Board, *id*., the appellant timely filed this appeal, IAF, Tab 1. The administrative judge notified the appellant of his burden with respect to establishing jurisdiction over an IRA appeal. IAF, Tab 3. The appellant responded, identifying his protected activities as two formal EEO complaints. IAF, Tab 4, Subtab 2. He appeared to identify the 14-day suspension, as well as several other actions (including two admonishments, a reprimand, and a lowered performance appraisal) as the retaliatory personnel actions. *Id*., Subtab 5.

¶4 In the initial decision, the administrative judge found that the appellant had only exhausted his administrative remedies before OSC regarding the suspension, and the Board therefore could not exercise jurisdiction over the other alleged retaliatory personnel actions. IAF, Tab 8, Initial Decision (ID) at 5-6. Regarding the suspension, the administrative judge found that the appellant failed to nonfrivolously allege that he made a protected disclosure or engaged in protected activity that could form the basis of an IRA appeal; the administrative judge therefore dismissed the appeal for lack of jurisdiction. ID at 6-7.

¶5 The appellant has filed a timely petition for review in which he generally objects to the administrative judge's decision. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition to the petition for review. PFR File, Tab 3. The appellant has filed a reply. PFR File, Tab 4.

¶6 We agree with the agency that the appellant has provided no basis upon which to grant his petition for review. On review, the appellant does not address the administrative judge's reasons for finding that the Board lacks jurisdiction over his appeal. PFR File, Tab 1. Thus, we find that his petition constitutes mere disagreement with the administrative judge's well-reasoned findings and, as such, provides no basis for disturbing the initial decision. *Weaver v. Department of the*

*Navy*, 2 M.S.P.R. 129, 133-34 (1980). For the reasons set forth below, we agree with the administrative judge that the Board does not have jurisdiction in this case.

¶7 The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014). We agree with the administrative judge that the Board could consider only the appellant's allegation that he was suspended in retaliation for his EEO complaint and not any other alleged disclosures, protected activities or personnel actions, because this was the only personnel action and the only alleged protected disclosure/activity that the appellant raised and exhausted before OSC. *Boechler v. Department of the Interior*, 109 M.S.P.R. 638, ¶ 6 (2008), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009); *see* ID at 5; *see also* IAF, Tab 4, Subtab 7 at 1-2 (OSC closeout letters).

¶8 We also agree with the administrative judge that the appellant did not make a nonfrivolous allegation that he made protected disclosures or engaged in protected activities that can form the basis of an IRA appeal. *See* ID at 6-7. The Board has found that allegations that are limited to EEO matters covered under 5 U.S.C. § 2302(b)(1) and (b)(9) are excluded from coverage under section 2302(b)(8).[3]  *Applewhite v. Equal Employment Opportunity*

---

[3] Under 5 U.S.C. § 2302(b)(1), it is a prohibited personnel practice to "discriminate for or against any employee or applicant for employment" based upon certain protected categories. Under 5 U.S.C. § 2302(b)(9)(A) it is a prohibited personnel practice to "take or fail to take, or threaten to take or fail to take, any personnel action against any employee or applicant for employment because of the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation."

*Commission*, [94 M.S.P.R. 300](#), ¶ 23 (2003). Thus, to the extent that he attempts to do so, the appellant cannot predicate his appeal on disclosures of EEO matters. *See Mc Corcle v. Department of Agriculture*, [98 M.S.P.R. 363](#), ¶ 21 (2005).

¶9        We also agree with the administrative judge that the appellant's allegation of reprisal under section 2302(b)(9) based on his filing of a prior EEO complaint of discrimination does not establish the Board's jurisdiction in an IRA appeal. *See* ID at 6-7. Pursuant to the Whistleblower Protection Enhancement Act of 2012 (WPEA), an employee may now seek corrective action in an IRA appeal for any personnel action taken as a result of a prohibited personnel practice described in [5 U.S.C. § 2302](#)(b)(9)(A)(i), (B), (C), or (D). [5 U.S.C. § 1221](#)(a); *see Colbert v. Department of Veterans Affairs*, [121 M.S.P.R. 677](#), ¶ 6 (2014). Reprisal for filing a prior EEO complaint, however, is not included among this listing of prohibited personnel practices which can form the basis of an IRA appeal; rather, this prohibition is contained within [5 U.S.C. § 2302](#)(b)(9)(A)(ii), and it does not provide a basis for establishing the Board's jurisdiction over an IRA appeal. *See Mudd v. Department of Veterans Affairs*, [120 M.S.P.R. 365](#), ¶ 7 (2013). Therefore, the administrative judge properly found that the appellant's allegations of EEO reprisal failed to nonfrivolously establish the Board's jurisdiction over an IRA appeal. *Id.*; *see* ID at 6-7.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* [5 U.S.C. § 7703](#)(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, [931 F.2d 1544](#) (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono (free of charge) representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.